UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAB DELGADO,

    Plaintiff,

v.                                              Case No: 8:18-cv-691-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Eliab Delgado, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on September 18, 2013, alleging a disability onset date of September 14, 2012. (Tr. 258-59). Plaintiff's application was denied initially on October 28, 2013 and upon reconsideration on February 10, 2014. (Tr. 141-43, 150-54). Plaintiff timely filed a request for a hearing and, on February 26, 2015, a hearing was held before Administrative Law Judge Eric Eklund (hereinafter "the ALJ"). (Tr. 65-107). On August 7, 2015, a second administrative hearing was held before the ALJ. (Tr. 33-64). On November 4, 2015, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 14-32). Plaintiff timely requested review of the decision, which was denied by action of the Appeals Council on February 21, 2018. (T. 1-6). The ALJ's decision thus became the final decision of the Commissioner. Plaintiff initiated this action by Complaint (Doc. 1) on March 22, 2018. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 14, 2012, the alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; seizures, dysfunction,

major joint; hypertension; anxiety; mild degenerative disc disease at L3-4 and L4-5 with facet arthropathy; diabetes mellitus; asthma; benign brain neoplasm; and mild cognitive problems. (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except he is restricted from work involving climbing ladders, ropes or scaffolds, but may occasionally climb ramps or stairs or crawling. He can balance 10% every hour and is limited to occasional stooping, kneeling, or crouching. The claimant must avoid work environments with extreme cold, extreme heat, wetness, humidity, excessive vibration, fumes, odors, dust, gasses, poorly ventilated areas, concentrated chemicals, moving machinery, unprotected heights sharp objects in the work setting, or driving in the work setting. The claimant is limited to simple unskilled work in a low stress job, defined as work with only occasional decision making and occasional changes in the work setting. The claimant is limited to work involving only superficial contact with the public, only occasional interaction with coworkers and no tandem tasks, and only occasional supervision.

(Tr. 18). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a police aid and data terminal operator. (Tr. 24).

At step five, the ALJ relied upon the testimony of a vocational expert ("VE") and found that an individual with Plaintiff's age, education, work experience and RFC could work as a price marker, laundry sorter, and night cleaner, office. (Tr. 25). The ALJ concluded that Plaintiff was not under a disability from September 14, 2012, through the date of the decision, November 4, 2015. (Tr. 26).

## II. Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate the medical opinions of record. (Doc. 22 p. 20-27). Plaintiff argues that the ALJ erred by failing to explain his reasoning in according great weight to the opinions of non-examining state agency consultants Dr. Anderton, Dr. Meyer, and Dr. Golub. (Doc. 22 p. 20-21). Plaintiff argues that the ALJ similarly accorded the opinion of examining physician Dr. Trimmer great weight without sufficient explanation. (Doc. 22 p. 21-23). Further, Plaintiff argues that the ALJ erred by failing to state the weight accorded to the respective opinions of examining physicians Dr. Ryan and Dr. Wood. (Doc. 22 p. 23). Finally, Plaintiff argues that the ALJ erred by failing to provide good cause for rejecting the opinions of treating physician Dr. Saks. (Doc. 22 p. 24-27). In response, Defendant argues that the ALJ properly weighed the opinion evidence and substantial evidence supports the ALJ's decision. (Doc. 22 p. 28-39).

The Court finds it appropriate to begin its analysis with Plaintiff's arguments concerning the ALJ's failure to state the weight assigned to the opinions of examining physician Dr. Ryan. The record shows that Plaintiff was referred for a neuropsychological evaluation on May 1, 2013 with Dr. Elizabeth Ryan at Memorial Sloan-Kettering Cancer Center in New York. (Tr. 478-83). The reason for the evaluation was irritable and aggressive behavior noted by his employer at the Tampa Police Department as well as memory problems all following the discovery of lesion-related seizures due to a left mesial temporal lesion. (Tr. 478). Behavioral observations at the examination were normal speech, euthymic mood, constricted affect, linear thought process, and no perceptual disturbances. (Tr. 479). Numerous psychological tests were administered. (Tr. 479-480).

Premorbid cognitive ability appeared at least in the average range. (Tr. 480). Attention and working memory were in the average range. (Tr. 480). Language functioning was in the low average to impaired range, with semantic fluency mildly impaired, phonemic fluency impaired, and confrontation naming low average. (Tr. 480). Visual-spatial functioning suggested adequate planning and organization. (Tr. 480). Processing speed overall was low average with color naming average and word reading mildly impaired. (Tr. 481). As to executive, the results were: mildly impaired to impaired in semantic generality; average in speeded visual tracking and set shifting; high average with one error in inhibition of dominant response; and average with one error in shifting between inhibiting and noon-inhibiting. (Tr. 481).

In learning and memory, he had low average, average or high average on all sub-parts of the WMS-IV. (Tr. 481). On the California Verbal Learning Test-II, he had three mildly impaired sub-sections, one mildly impaired to average, one low average and one average. (Tr. 481). On the Personality Assessment Inventory, validity indicators suggested he responded appropriately and made no effort to exaggerate. (Tr. 481). However, he tended to portray himself in a favorable light indicating he might minimize problems. (Tr. 481). His responses indicated mild elevations in aggressive attitude and physical aggression, but his profile could very well under-represent the extent and degree of his emotional problems. (Tr. 482).

Dr. Ryan found that testing revealed deficits in visual associative learning, verbal fluency, and verbal memory. (Tr. 482). Plaintiff's report of memory deficits was confirmed by the evaluation and was consistent with his left medial temporal lesion. (Tr. 483). He also appeared to have language fluency related difficulties, but Dr. Ryan could not say with certainty because he was bilingual. (Tr. 483).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.,* 877 F.Supp.2d 1254, 1265 (M.D. Fla. 2012).

In his decision, the ALJ did not directly discuss or state the weight accorded to Dr. Ryan's opinion. The ALJ's failure to do so constitutes reversible error. Despite performing an in-person evaluation of Plaintiff and presenting numerous opinions concern Plaintiff's limitations, Dr. Ryan's opinions were only cited in passing by the ALJ who referred to the exhibit which contained evidence from Dr. Ryan (i.e., "Exhibit 5F"). (Tr. 19, 20, 21). On remand, the ALJ will be required to specifically address, discuss, and state the weight accorded to the opinion of Dr. Ryan.

The Court rejects Defendant's line of argument that the ALJ accepted the Dr. Ryan's findings and that Plaintiff has failed to show that Dr. Ryan's opinions result in greater limitations than found by the ALJ. Notably, Defendant does not argue that the ALJ actually weighed Dr. Ryan's opinions. It is not obvious, as Defendant alleges, that Dr. Ryan's findings are completely accommodated by the ALJ's RFC determination. Defendant's argument, however, constitutes a post hoc rationalization upon which the Court will not rely. *See, e.g., Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (finding that a court will not affirm based on a post hoc rationale that might have supported the ALJ's conclusion).

Upon remand, the ALJ's analysis of Dr. Ryan's opinion may alter the ultimate RFC determination and the weight he chooses to assign such opinions. Thus, the Court finds it appropriate to defer from addressing Plaintiff's arguments concerning the remaining medical opinions.

**III. Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties